IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: § | | |
| BADLANDS ENERGY, INC., § | | CASE NO. 17-17465-KHT |
| EIN: 98-0204105 § | | |
|     Debtor. § | | |
| § | | |
| § | | |
| In re: § | | |
| BADLANDS PRODUCTION COMPANY, § | | CASE NO. 17-17467-KHT |
| EIN: 84-1461816 § | | |
|     Debtor. § | | |
| § | | |
| § | | |
| In re: § | | |
| BADLANDS ENERGY-UTAH, LLC, § | | CASE NO. 17-17469-KHT |
| EIN: 47-2023934 § | | |
|     Debtor. § | | |
| § | | |
| § | | |
| In re: § | | |
| MYTON OILFIELD RENTALS, LLC, § | | CASE NO. 17-17471-KHT |
| EIN: 20-1202389 § | | |
|     Debtor. § | | **Jointly Administered Under** |
| § | | **Case No. 17-17465 KHT** |

**WYATT ENERGY, LLC'S CONDITIONAL OBJECTION TO AND RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION FOR EXPEDITED ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION SECURED FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (IV) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF**
**[Relates to Dkt. No. 16]**

Wyatt Energy, LLC ("Wyatt"), a creditor and nonoperating working interest owner under a Joint Operating Agreement ("JOA"), files this Conditional Objection to (the "Objection") and Reservation of Rights Regarding the Debtors' Motion for Expedited Entry of Interim and Final Orders (i) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section

16467597_2

364 of the Bankruptcy Code, (ii) Granting Liens and Providing Superpriority Administrative Expense Status, (iii) Authorizing the Debtors to Use Cash Collateral, (iv) Granting Adequate Protection to the Prepetition Secured Parties, (v) Scheduling a Final Hearing, and (vi) Granting Related Relief (the "Motion") [Dkt. No. 16], and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Wyatt files this Objection to the Motion on the grounds that it has not been able to assess the impact of the Motion and the proposed DIP financing order seeking relief under Section 364(d) on any rights of priority it may have under its JOA, to the extent the Pre-Petition Loan Documents (as defined in the Motion) have not yet been fully disclosed or provided.

2. Until the Pre-Petition Loan Documents have been delivered and reviewed, Wyatt reserves all rights to object to the relief in the Motion to the extent any relief provided has any impact on altering the prebankruptcy lien priority rights that Wyatt may have.

## FACTUAL BACKGROUND

3. Badlands Energy, Inc., Badlands Production Company, Badlands Energy-Utah, LLC, and Myton Oilfield Rentals, LLC ("Debtors") filed for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on August 11, 2017 ("Petition Date").

4. On August 14, 2017, the Debtors filed Debtors' Motion Seeking Expedited Entry of Orders and Notice of Impending Hearing Thereon, [Dkt. No. 13]. Accordingly, the Court will hear, among others, the Motion on an expedited basis pursuant to L.B.R. 2081-1 on August 17, 2017.

5. The Debtors own and operate leasehold interests in oil and gas leases in the Uintah Basin of Utah, including in Deshesne County and Uintah County known as the "Altamont" Properties. Wyatt is a non-operating working interest owner in the "Altamont"

Properties while the Debtor is an owner and operator. The JOA is that certain A.A.P.L Form 610-1989 Model Form Operating Agreement, a memorandum of which was recorded in the office of the Recorder of Uintah County, Utah on August 4, 2016 ("Memorandum of JOA"). Pursuant to the JOA, Wyatt has a perfected, valid and enforceable lien on the Debtors' leasehold interests, its share of oil and gas when extracted and its interest in all equipment.

6. The Debtors are parties to the pre-petition Amended and Restated Credit Agreement among the Debtors, the guarantors party thereto, Garrison Loan Agency Services LLC, as agent and the lenders party thereto ("Pre-Petition Credit Agreement"), dated as of August 19, 2014, [Dkt. No. 16, Ex. 3], and such other documents, instrument and agreement delivered therewith, the Pre-Petition Loan Documents, which presumably include mortgages, security agreements and associated collateral documents. Certain assets of the Debtors and guarantors may be encumbered by the Pre-Petition Credit Agreement and the Pre-Petition Loan Documents (such collateral, the "Pre-Petition Collateral").

7. Pursuant to the Motion, the Debtors seek authority of the Court to enter into a senior secured, super-priority debtor-in-possession credit facility ("DIP Facility") with the agent ("DIP Agent") and lenders party thereto ("DIP Lenders") on an interim and final basis, with the relief being sought seeking Section 364(d) priming liens.

8. The Debtors have filed a proposed Interim Order (i) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Secured, Superpriority Basis and (B) Use Cash Collateral, (ii) Granting Adequate Protection, (iii) Scheduling a Final Hearing, and (iv) Granting Related Relief with the Motion ("Proposed Interim Order"). [Dkt. No. 16, Ex. 4].

9. In the version of the Proposed Interim Order that Wyatt has sought to negotiate resolution of its objection, it would grant the DIP Agent a "valid, binding, and enforceable lien,

mortgage and/or security interest (a 'Lien,' and as so granted to the DIP Agent, the 'DIP Lien') in all of the Debtors' presently owned or hereafter acquired property and assets…whether such assets were acquired before or after the Petition Date…." [Dkt. No. 16, Ex. 4, ¶ 7]. Further, the DIP Lien will be "a first priority senior and priming lien on the DIP Collateral (including the Pre-Petition Collateral), subject and junior only to (i) the Carve-Out (defined [in the Motion]) and (ii) *valid, enforceable, properly perfected, and unavoidable prepetition Liens (including any Liens that are perfected after the Petition Date as permitted under Bankruptcy Code section 546(b)) encumbering assets currently in existence of a Debtor but only to the extent such Liens are senior (after giving effect to any subordination arrangement) to the Liens held by Pre-Petition Lenders and/or Pre-Petition Agent in connection with the Pre-Petition Credit Agreement and other Pre-Petition Loan Documents*." [Dkt. No. 16, Ex. 4, ¶ 8] [emphasis supplied].

## OBJECTION

10. Wyatt files this conditional Objection to entry of the Proposed Interim Order because the language proposed, while appearing to properly limit priming liens onto existing liens as of the Petition Date, includes a parenthetical that actually **limits and excludes** the types of liens that Wyatt has under the JOA. Admittedly. Wyatt has not been provided the Pre-Petition Loan Documents, and hence cannot assess whether there is an issue to be tried as to priority. But it should not have to do so. The proposed DIP loan was not supposed to prime existing valid liens, but by the parenthetical it appears to exclude from such limitation the very lien that Wyatt has under the JOA.

11. Without sufficient opportunity to review the Pre-Petition Loan Documents, Wyatt has been unable to determine how its secured rights under the JOA may be infringed in other

ways as well, but Wyatt is most focused on not having its lien priority overridden in this manner. This seems contrary to the rules and applicable law in this district. *See, e.g.,* Rule 4001. Although the Court may grant a lien senior or equal to Wyatt's pre-petition liens on the property of the estate under Section 364(d) of the Bankruptcy Code, "granting post-petition financing on a priming basis is extraordinary and is allowed only as a last resort." *In re Db Capital Holdings LLC,* 454 B.R. 804, 822 (Bankr. D. Colo. 2011). Further, "priming is impermissible unless there is adequate protection to the existing lienholders" with a focus on protection of the secured creditor from diminution in value of its collateral. *Id*. Here, the Debtors have the burden of proof on the issue of adequate protection of Wyatt's secured interest. *Id.,* at 823. The Debtors cannot simply seek to subordinate Wyatt's liens pursuant to the amorphous "any subordination arrangement" language without providing adequate protection.

12. Wyatt requests that ¶ 8 of the Proposed Interim Order be amended as shown on <u>Exhibit 1</u> hereto, or that the parenthetical be removed altogether.

13. Wyatt does not oppose that the Debtors obtain financing, nor the Budget as initially proposed. It just should not be imposed on terms that would effectively subordinate without evidence or proper notice any lien that Wyatt may have, and which may yet be superior to the existing pre bankruptcy liens asserted by the proposed DIP Agent and DIP Lenders.

14. Any final orders on the Motion should not be granted until the Pre-Petition Loan Documents are made available and Wyatt has an opportunity to object to such to be filed form of final order.

<u>**RESERVATION OF RIGHTS**</u>

15. Wyatt hereby reserves all rights, claims and/or remedies it may have with respect to the Motion or any matter related thereto, including the right to receive adequate protection,

raise any and all other objections at any subsequent hearing, any and all right of setoff and/or recoupment, or to adequate assurance and cure.

WHEREFORE, Wyatt prays the Court deny the Motion, and grant such other relief as may be just and proper.

Respectfully submitted on this 17th day of August, 2017.

**HAYNES AND BOONE LLP**

By: /s/ *Patrick L. Hughes*
    Patrick L. Hughes (#024264)
    Andrew T. Gillespie (#49606)
1801 Broadway, Suite 800
Denver, CO 80202
Telephone No.: (303) 382-6200
Email: patrick.hughes@haynesboone.com
Email: andrew.gillespie@haynesboone.com

COUNSEL FOR WYATT ENERGY LLC