**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>BADLANDS ENERGY, INC.<br>EIN: 98-0204105,<br><br>    Debtor. | Case No. 17-17465 KHT<br>Chapter 11 |
| In re:<br><br>BADLANDS PRODUCTION COMPANY<br>EIN: 84-1461816,<br><br>    Debtor. | Case No. 17-17467 KHT<br>Chapter 11 |
| In re:<br><br>BADLANDS ENERGY-UTAH, LLC<br>EIN: 47-2023934,<br><br>    Debtor. | Case No. 17-17469 KHT<br>Chapter 11 |
| In re:<br><br>MYTON OILFIELD RENTALS, LLC<br>EIN: 20-1202389,<br><br>    Debtor. | Case No. 17-17471 KHT<br>Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. 17-17465 KHT** |

**WAPITI UTAH, L.L.C.'S OMNIBUS REPLY AND STATUS CHART**
**TO OBJECTIONS TO SALE MOTION**

Wapiti Utah, L.L.C. f/k/a Wapiti Newco, L.L.C. (the "Buyer") herby files this Omnibus Reply and Status Chart to Objections to Motion For Entry of An Order (A) Approving The Purchase And Sale Agreement Between Badlands Production Company and the Successful Auction Bidder, (B) Authorizing the Sale of Substantially All of Its Property Pursuant Thereto, Free and Clear Of Liens, Claims, Encumbrances, And Interests, (C) Authorizing the Assumption

and Assignment of Contracts, and (D) Granting Related Relief [Dkt. 18] (the "Sale Motion") and would respectfully show as follows:

1. Certain parties-in-interest have filed objections to the Sale Motion. The Buyer's responses to, and summary of the status of, these objections are detailed in the chart attached to this Reply as **Exhibit A**.

2. To address some of these objections, the Debtor and the Buyer have revised the proposed order approving the Motion (the "Proposed Sale Order"). Exhibit A indicates which objections have been resolved.

## CONCLUSION

For the reasons stated above, the Buyer respectfully requests that the Court enter an order approving the Sale of the Properties substantially in the form of the revised Proposed Sale Order that will be filed with the Court prior to the Sale Hearing.

Dated: October 24, 2017.

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Kyung S. Lee
klee@diamondmccarthy.com
Charles M. Rubio
crubio@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199

*Attorneys for Wapiti Utah L.L.C.*
*f/k/a Wapiti Newco, LLC*

# EXHIBIT A

## STATUS CHART OF OBJECTIONS AND RESPONSES TO SALES MOTION (ECF NO. 18)[1]

|  | **Objecting Party** | **Docket Number** | **Objection** | **Status of Objections/Response to Objections** |
|---|---|---|---|---|
| 1. | Wapiti Oil & Gas II, LLC ("WOG II") | 112; 182 | Disputes priority to the sale proceeds. | **Resolved**: Language added to the Proposed Sale Order that provides Buyer will be responsible for all amounts owed to WOG II. |
| 2. | Halliburton Energy Services, Inc. ("Halliburton") | 114, 198 | Argues that the order approving the sale should not automatically distribute sale proceeds to Garrison. Asserts a cure in the amount of $831,800.30. | **Resolved**: The asserted cure claim is a rights to sale proceeds issue. Language added to the Proposed Sale Order that provides distribution of the sale proceeds will be subject to a separate order and the secured parties' rights are reserved with respect to priority of distributions. |
| 3. | XTO Energy Inc. ("XTO") | 193 | Argues that cure amount is no less than $25,269.78. | **Resolved**: The parties are stipulating to the XTO cure amount that will be set out in the Proposed Sale Order. Buyer is responsible for paying this amount and it will receive a closing credit. |
| 4. | Monarch Natural Gas, LLC ("Monarch") | 194 | Argues that the gas gathering agreement is a covenant running with the land and the Property cannot be sold free and clear of this agreement. | **Resolved**: The Proposed Sale Order includes language that preserves Monarch's and the Buyer's right to address Monarch's objection in an adversary proceeding. |
| 5. | Dorrier Equities, Ltd. ("Dorrier") | 206 | Debtors should find a better deal than the proposed deal with Buyer. | This is a late filed objection and should be overruled. |

---

[1] This chart is for summary purposes only and reference is made to the language in the Proposed Sale Order.

|   |   |   |   | The Debtors engaged in a robust marketing process prior to filing for Chapter 11. The Debtors engaged Parkman Whaling as their investment bankers in March 2017. Parkman Whaling started the marketing process to find a stalking horse bidder and/or strategic alternatives on April 19, 2017.<br><br>Parkman Whaling has sent approximately 100 teasers out to potential parties who may be interested in acquiring the assets.<br><br>Dorrier has known about assets of Badlands as an equity owner for a long time. Dorrier appeared at the hearing on the Bidding Procedure to ask for more time to bid. More time was provided. Dorrier never made a bid. |
|---|---|---|---|---|
| 6. | Bureau of Land Management/ Environmental Protection Agency | Informal | Properties cannot be sold free and clear of obligations under Consent Decree. | **Resolved**: The Proposed Sale Order includes language to address that the Buyer is responsible for the obligations under the Consent Decree. |

2