IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BADLANDS ENERGY, INC.<br>EIN: 98-0204105,<br>    Debtor. | ) <br>) Case No. 17-17465-KHT<br>) Chapter 11<br>)<br>)<br>) |
| In re:<br><br>BADLANDS PRODUCTION COMPANY<br>EIN: 84-1461816,<br>    Debtor. | )<br>) Case No. 17-17467-KHT<br>) Chapter 11<br>)<br>)<br>) |
| In re:<br><br>BADLANDS ENERGY-UTAH, LLC<br>EIN: 47-2023934,<br>    Debtor. | )<br>) Case No. 17-17469-KHT<br>) Chapter 11<br>)<br>)<br>) |
| In re:<br><br>MYTON OILFIELD RENTALS, LLC<br>EIN: 20-1202389,<br>    Debtor. | )<br>) Case No. 17-17471-KHT<br>) Chapter 11<br>)<br>) **Jointly Administered Under**<br>) **Case No. 17-17465-KHT**<br>) |

ORDER CONFIRMING
DEBTORS' SECOND AMENDED JOINT PLAN OF LIQUIDATION
DATED APRIL 6, 2018 [DOCKET #501]

      This matter is before the Court pursuant to the Debtors' Second Amended Joint Plan of Liquidation Dated April 6, 2018 (the "**Plan**") filed by Badlands Energy, Inc., Badlands Production Company, Badlands Energy-Utah, LLC and Myton Oilfield Rentals, LLC (together, the "**Debtors**") on behalf of their jointly administered bankruptcy estates (together, the "**Badlands Bankruptcy Estates**").  Capitalized terms not otherwise defined in this Order are used as defined in the Plan.

      The Court heard arguments and received evidence or offers of proof in support of confirmation of the Plan on August 8, 2018.  All parties in interest received notice and an opportunity to be heard.  Based upon the Plan, the evidence or offers of proof submitted to the Court, the representations of the parties, and the entire record before the Court in this case:

THE COURT HEREBY FINDS AND CONCLUDES as follows:

1. The Court has jurisdiction and is empowered to enter a final and dispositive order in this plan confirmation proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O) and 1334, and the automatic referral of bankruptcy matters to this Court from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

2. There is good cause to confirm the Plan.

3. The objections of the United States Trustee, and Halliburton Energy Services, Inc. and Multi-Chem Group, LLC (together "Halliburton"), have been resolved and withdrawn.

4. As set forth in the Ballot Summary regarding the results of voting on the Plan that was filed on August 3, 2018, Class 1B and Class 3 have accepted the Plan in terms of both number and amount. Class 1C of Halliburton also accepted the Plan in accordance with statements made of record at the confirmation hearing, in accordance with the "Halliburton Settlement," which is subject to Court approval under the Plan.

5. The Plan satisfies all requirements for confirmation pursuant to title 11 of the United States Code (the "**Bankruptcy Code**").

6. The Plan complies with the applicable provisions of the Bankruptcy Code and therefore meets the confirmation requirements of Bankruptcy Code § 1129(a)(1) for the following reasons:

   a. With respect to Bankruptcy Code § 1122(a), the Plan's classification scheme is reasonable and necessary to implement the Plan, and each of the claims or interests within each particular class is substantially similar to the other claims or interests in such class.

   b. The Plan fully complies with all applicable requirements set forth in Bankruptcy Code § 1123(a).

   c. All provisions of the Plan are consistent with the permissive provisions which may be incorporated into a Chapter 11 plan under Bankruptcy Code § 1123(b).

7. The Debtors have complied with all applicable provisions of the Bankruptcy Code, including the requirements of Bankruptcy Code § 1125 in connection with disclosures and the solicitation of acceptances to the Plan, and the Debtors have satisfied the confirmation requirement of Bankruptcy Code § 1129(a)(2).

8. The Plan was proposed by the Debtors in good faith and not by any means forbidden by law, because they proposed the Plan with a reasonable belief in the likelihood that the Plan would achieve its intended results, which are consistent with the purposes of the Bankruptcy Code. The Plan accordingly satisfies the requirements of Bankruptcy Code § 1129(a)(3).

9. The Plan provides that all fees and expenses, including the fees and expenses of professionals in the administration of the Badlands Bankruptcy Estates through the Effective Date,

remain subject to final review for reasonableness by the Court under Bankruptcy Code § 330. The Plan thus satisfies the confirmation requirement of Bankruptcy Code § 1129(a)(4).

10. The Plan provides for the establishment of the Badlands Liquidating Trust (the "**Trust**"), and discloses that David V. Wadsworth will act as trustee of the Trust (the "**Liquidating Trustee**") and will provide services to the Trust at his normal hourly rates for such services. Such service by the Liquidating Trustee is consistent with the interests of creditors and equity security holders and with public policy. The Plan thus meets the requirements of Bankruptcy Code § 1129(a)(5).

11. The Plan provides that: (i) it be accepted by each holder of a Claim within each class, or (ii) each non-accepting claimholder will receive at least as much under the Plan as it would receive in a Chapter 7 liquidation. Therefore, the Plan satisfies the "best interests of creditors" test under Bankruptcy Code § 1129(a)(7).

12. The Plan satisfies Bankruptcy Code § 1129(a)(8) because Class 1B, Class 1C, and Class 3 have accepted the Plan and no other classes were impaired under the Plan.

13. The Plan provides that all Allowed Claims under Bankruptcy Code § 507(a)(2) and § 507(a)(3) are Administrative Claims to be paid in cash on the earlier of the Effective Date or when they become Allowed Claims. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(9)(A).

14. The Plan provides that holders of all Allowed Claims under Bankruptcy Code § 507 are to be paid in full under the Plan, with interest, on the earlier of the Effective Date or when they become Allowed Claims. The Plan therefore satisfies the confirmation requirements of Bankruptcy Code § 1129(a)(9)(B).

15. The Plan provides that any claim under Bankruptcy Code § 507(a)(8) will receive regular installment payments in cash of a total value, as of the Effective Date, equal to the allowed amount of such claim. The Debtors offer of proof at the confirmation hearing demonstrated that the Badlands Bankruptcy Estates have sufficient cash to pay such claims and that they intend to pay claims under Bankruptcy Code § 507(a)(8) on the Effective Date. The Plan therefore satisfies the requirements of Bankruptcy Code § 1129(a)(9)(C).

16. At least one class of Claims that is impaired under the Plan has accepted the Plan, not including any acceptance by an insider. The Plan therefore satisfies the confirmation requirement of Bankruptcy Code § 1129(a)(10).

17. The Plan proposes the substantive consolidation and liquidation of the Badlands Bankruptcy Estates' assets through the establishment of the Trust and therefore satisfies the confirmation requirement of Bankruptcy Code § 1129(a)(11).

18. The Plan provides that the filing fees and United States Trustee fees listed in 28 U.S.C. § 1930 will be paid in full, and therefore the confirmation requirement of Bankruptcy Code § 1129(a)(12) is satisfied.

19. Bankruptcy Code §§ 1129(a) (6), (13), (14), (15) and (16) are inapplicable to the Plan.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that,

A. The Plan is confirmed according to its terms and conditions except as set forth in paragraph L below. Pursuant to §§ 1.31 and 7.2 of the Plan, the "Effective Date" of the Plan shall be no earlier than the Court's entry of an order approving the Halliburton Settlement, as a compromise of disputed claims pursuant to Bankruptcy Code § 1123(b)(3)(A), which settlement approval order terms shall be incorporated by reference in this Order and made a part of the Plan. Notwithstanding § 7.3 of the Plan, neither the Debtors nor the Trustee shall waive entry of an order approving the Halliburton Settlement as a condition precedent to the occurrence of the Effective Date of the Plan.

B. David V. Wadsworth shall be retained as the Liquidating Trustee under the Trust and is hereby authorized to perform all the duties and exercise all the powers of the Liquidating Trustee as set forth and provided for in the Plan and the Trust.

C. By the Effective Date, the Trustee shall pay in full all United States Trustee fees listed in 28 U.S.C. § 1930 that are due and owing as of the Effective Date. After the Effective Date, the Trust shall pay all quarterly post-confirmation fees due to the United States Trustee as required under applicable law.

D. The Trustee is hereby authorized to take or cause to be taken all actions that may be necessary to implement and effectuate the provisions of the Plan and the Trust, including selling or otherwise conveying any property transferred from the Badlands Bankruptcy Estates' to the Trust free and clear of any and all liens, claims, interests, and encumbrances.

E. The terms of the Plan and the Trust shall bind the Debtors and any creditor, whether or not the Claim or interest of such creditor is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

F. Pursuant to the Plan Supplement, sufficient cash reserves exist for the Debtors and the Trustee to carry out the Plan.

G. All injunctions or stays provided for in the Debtors' Plan, or under Bankruptcy Code §§ 105 or 362 or otherwise in effect on the date of this Order shall remain in full force and effect until the Effective Date. This Court shall have the sole and exclusive authority to hear, determine and adjudicate any disputes or disagreements regarding such stays or injunctions. Upon the Effective Date, all persons are permanently enjoined from taking any actions against the Liquidating Trustee or the Trust to enforce or collect any Claim pending payment thereof as provided in the Plan and the Trust.

H. Pursuant to this Order, on the Effective Date, the transfers of the Debtors' remaining assets, including, but not limited to, remaining cash proceeds from the prior sales of assets and all Avoidance Claims, to the Trust contemplated under the Plan will be deemed legal, valid, binding and effective transfers of property and will, to the fullest extent permitted by the Bankruptcy Code, vest in the Trust good title to such property, free and clear of all liens, claims, interests and encumbrances.

I. The transfer of the Badlands Bankruptcy Estates' assets to the Trust shall be deemed a transfer to and for the benefit of the Beneficiaries followed by a deemed transfer by the Beneficiaries to the Trust to hold in trust for the benefit of the Beneficiaries, except as otherwise provide in the Plan or the Trust. The Beneficiaries shall be treated as the grantors and deemed the owners of the Trust.

J. On the Effective Date, the Liquidating Trustee, without any further order of the Bankruptcy Court, shall have the rights, powers and privileges expressly provided in the Liquidating Trust and the Plan, including the payment of administrative expense claims arising or accruing prior to the Effective Date.

K. Except as provided in paragraph L below, the failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan, including those referenced in this Order.

L. If any provision of this Order is hereafter modified, vacated or reversed by subsequent order of this Court or any other court, such reversal, modification or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to receipt by the Liquidating Trustee of written notice of any such order; nor shall such reversal, modification or vacation hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification or vacation hereof, any such obligation incurred or undertaken pursuant to and in reliance on this Order prior to the effective date of such reversal, modification or vacation shall be governed in all respects by the provisions hereof and of the Plan, and all documents, instruments and agreements related thereto, or any amendments or modifications thereto.

M. From and after the Effective Date, the Trustee may litigate to judgment, propose settlements of, or withdraw objections to, all pending or filed Disputed Claims and may settle or compromise any Disputed Claim as provided in the Plan and the Trust.

N. If the Effective Date does not occur, then the Plan, any settlement or compromise embodied in the Plan, and any document or agreement executed pursuant to the Plan shall be null and void in all respects.

O. Pursuant to Bankruptcy Rule 3020(c), the Trustee shall promptly serve notice of entry of this Order as provided in Bankruptcy Rule 2002(f) to all creditors, equity security holders and other parties in interest, to be sent by first class mail, postage pre-paid, except to such parties

who may be served by hand or facsimile or overnight courier, which service is hereby authorized. The Trustee shall file a notice upon the occurrence of the Effective Date of the Plan.

P. To the extent that the terms of this Order are inconsistent with the terms of the Plan, the terms of this Order shall control; in all other respects, the terms of the Plan shall remain in full force and effect.

Q. Notwithstanding the entry of this Order confirming the Plan, and in accordance with the Plan, the Court shall retain jurisdiction to consider and approve any applications or motions, or objections thereto, that are still pending in this case and to facilitate the performance of the Plan and the Trust by entering any further necessary orders regarding interpretation or enforcement of the Plan and the Trust, *provided however*, that nothing in this Order or the Plan shall prejudice any party's right to request that, under applicable law: (i) the Court make an independent determination that it has authority to enter a final judgment in any adversary proceeding or contested matter; or (ii) the Court abstain from hearing and determining any adversary proceeding or contested matter.

Dated this 15th day of August, 2018.

BY THE COURT:

_____
Kimberley H. Tyson
Honorable United States Bankruptcy Judge