UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **In re:** | § | |
| **Badlands Energy, Inc.,** | § | Case No. 17-17465 KHT |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |
| **In re:** | § | |
| **Badlands Production Company,** | § | Case No. 17-17467 KHT |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |
| **In re:** | § | |
| **Badlands Energy-Utah, LLC,** | § | Case No. 17-17469 KHT |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |
| **In re:** | § | |
| **Myton Oilfield Rentals, LLC,** | § | Case No. 17-17471 KHT |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | **Jointly Administered Under** |
| | § | **Case No. 17-17465 KHT** |

**WAPITI UTAH, LLC'S OBJECTION TO MONARCH MIDSTREAM, LLC AND BADLANDS ENERGY INC. AND BADLANDS PRODUCTION COMPANY'S STIPULATED FACTS AND EXHIBITS IN CONNECTION WITH OCTOBER 25, 2018 HEARING ON MOTION TO ENFORCE ORDER OR IN THE ALTERNATIVE TO <u>REQUEST AN ADMINISTRATIVE EXPENSE CLAIM</u>**

Wapiti Utah LLC ("<u>Utah</u>") files this Objection ("<u>Objection</u>") to the Stipulated Facts and Exhibits in Connection with the October 25, 2018 Hearing between Monarch Midstream, LLC, f/k/a Monarch Natural Gas, LLC ("<u>Monarch</u>") and Badlands Energy Inc. and Badlands Production Company (collectively "<u>Badlands</u>")[Docket #540](the "<u>Bilateral Stipulation</u>") and would state to the Court as follows:

1. Utah refused to agree to the Bilateral Stipulation because Utah is not willing to mislead this Court with stipulations that are not **<u>TRUE.</u>**

WAPITI UTAH, LLC'S OBJECTION TO STIPULATED FACTS

2. So that this Court knows, Monarch sent to counsel for Badlands and Utah the first draft of the proposed stipulations. Counsel for Utah then extensively marked up, redlined and circulated a revised set of stipulations. Then counsel for Badlands and Monarch marked those up and re-circulated the stipulations deleting what they felt were argumentative stipulations and stipulations not helpful to their case.

3. Utah then announced to the parties that it believed a live hearing was necessary to properly present its case.

4. Without notice or warning, Monarch and Badlands then filed the Bilateral Stipulation last night. Docket #540. A true and correct copy of the Bilateral Stipulation with highlighting of certain sentences that are problematic as stipulations even between Badlands and Monarch is attached hereto as Exhibit A.

5. Utah does not oppose the basic stipulations regarding the underlying documents, the dates of entry into the documents and dates of orders.

6. Utah, however, could not and will not agree to other proposed stipulations in the Bilateral Stipulations that are not TRUE or irrelevant to the outcome of the instant motion.

7. ¶ 3 of the Bilateral Stipulation is not true and is also inaccurate. Utah could not agree to that paragraph due to that reason.

8. The second sentence of ¶ 16 of the Bilateral Stipulation is irrelevant to the resolution of the instant motion. The damage to Utah took place by the actions of Badlands in nominating the gas in September, when Badlands knew that 1) the sale of the Riverbend Assets to Utah had an effective date of October 1, 2017, and, 2) Badlands knew that Utah did not assume either the Chipeta or Monarch Agreements as part of the purchase, and, therefore, did not have contracts with these parties upon the effective date of October 1, 2017.

9. ¶ 18 of the Bilateral Stipulation is false. Utah could not agree to that stipulation due to that reason. Badlands knew that Utah did not assume and have assign to it either the Chipeta or Monarch Agreements in the summer of 2017.

10. ¶ 19 of the Bilateral Stipulation is false. Utah could not agree to that stipulation due to that reason.

11. ¶ 20 of the Bilateral Stipulation is false. Badlands knew that October 1, 2017 was an effective date for the sale of the Riverbend Assets and that Utah did not assume and assign to it either the Chipeta or Monarch Agreements before October 1, 2017.

12. ¶ 22 of the Bilateral Stipulation omits to reference Section 9 of the PSA to provide the Court a full picture of the obligations of Badlands and Utah and therefore is misleading without including same. Section 9 of the PSA requires Badlands to make "all post-filing bankruptcy payments when due of any payment required and performing the Contracts in accordance with their terms."

13. ¶ 24 of the Bilateral Stipulation is false.

14. ¶ 26 of the Bilateral Stipulation is false.

15. ¶ 28 of the Bilateral Stipulation contains a clause "subject to the pending claims between Utah and Monarch in the Monarch Adversary Proceeding." A study of the confirmation order signed by this Court reveals no such reservation by Monarch or Badlands.

16. The Bilateral Stipulation omits that on or about December 11, 2017, Utah sent Badlands a demand letter seeking damages of $150,951.65 for Badlands' nomination of gas in September to MP 421 resulting Utah a loss of 62,510 mmbtu in October of 2017. A true and correct copy of the December 11, 2017 letter is attached hereto as Exhibit B.

17. The second sentence of ¶ 29 of the Bilateral Stipulation is false. The Utah Settlement resolved and settled all amounts due and owing between Badlands and Utah with regard to the Final Closing Statement.

18. The second sentence of ¶ 30 of the Bilateral Stipulation is false.

WHEREFORE, PREMISES CONSIDERED, Utah prays that this Court consider the Objection, authorize the Utah to establish that it has a $150,951.65 chapter 11 administrative claim against Badlands, if this Court is persuaded that the Utah Settlement did not settle all disputes between Badlands and Utah regarding their post-closing adjustments, deny any liability of the requested POP payment of $54,255.87 against Utah, and, for such other and further relief as is just and proper.

Dated: October 24, 2018

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

*/s/ Kyung S. Lee*
Kyung S. Lee
TBA No. 12128400
klee@kasowitz.com
Robert J. Shannon
Texas Bar No. 24108062
rshannon@kasowitz.com
1415 Louisiana-Suite 2100
Houston, TX 77002
Telephone: (713) 220-8851
Facsimile: (713) 583-8765

*Attorneys for Wapiti Utah, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018, a true and correct copy of the foregoing was served on all parties registered to receive ECF notification in the above-captioned case.

                                                           By:    */s/ Kyung S. Lee*
                                                                            Kyung S. Lee